**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| META BUTTENHEIM, d/b/a | : | CIVIL ACTION |
| AIRMARKETING SERVICES, | : | |
| | : | |
| Plaintiff | : | NO. 19-CV-5226 |
| | : | |
| vs. | : | |
| | : | |
| WILLIAM E. BOOS, | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                    **February  5 , 2021**

     This civil action is before this Court upon the Petition of
Defendant, William E. Boos to Strike or Alternatively, Open the
Confession of Judgment entered against him by the Plaintiff on
November 6, 2019.  For the reasons which follow, the prayer of
the Petition shall be denied.

**Statement of Relevant Facts**

     This matter arises out of two documents: (1) an
"Unconditional Guaranty and Surety Agreement" dated November 29,
2018 given by Defendant to Plaintiff under which he
unconditionally guaranteed and became surety to Plaintiff for
all of the obligations of Direct Airway. Inc., and (2) a Note
bearing the same date in the original principal amount of

$740,225.65 given by Direct Airway, Inc. (as "Borrower") to Plaintiff. (Pl's Complaint, paras. 6 and 7).

According to the averments set forth in Defendant's Petition to Strike or Open, Direct Airways is Defendant's business and it had a 25-year history of retaining the services of Plaintiff (doing business as Airmarketing Services, a/k/a "AMS") to book charter jet excursions for its clients. Under their long-standing business arrangement, AMS would advance its own funds to either book the trip if the retained charter jet company required pre-payment, or to pay that company's invoice shortly after the trip was concluded. Direct Airway would then reimburse AMS for those advanced monies plus a 5% commission of the total charges from the charter jet company, catering fees, and other taxes and fees. (Def's Pet., paras. 1 and 2).

Beginning sometime in 2018, "Direct Airway became unable to pay or reimburse AMS for certain advances, expenses, and loans made by AMS to or for the benefit of Direct Airway…" (Def's Pet., para. 3). "On or about November 29, 2018, Defendant Direct Airway and AMS entered into a Settlement Agreement for the repayment of the Indebtedness" pursuant to which "Direct Airway executed and delivered to AMS" the $740,225.65 Note. (Def's Pet. Paras. 4 and 5). The Settlement Agreement required Direct Airway and/or Mr. Boos to make equal monthly installment payments via wire transfer to AMS in the amount of $39,000 each,

2

commencing on December 10, 2018 and continuing on the 10th day of
each month through June 10, 2020 at which time the debt would be
discharged upon receipt of a final payment in the amount of
$38,700. (Settlement Agreement, para. 2, annexed to Def's
Petition to Strike, as "Exhibit 1").

By their own admission, Defendants defaulted on their
obligations under the Settlement Agreement, Note and Guaranty
and Plaintiff filed Complaints in Confession of Judgment against
Direct Airway and Mr. Boos in this Court at Civil Action Nos.
19-cv-2487 and 19-cv-2488 seeking judgment for the balance then
due in the amount of $595,052.41 against Direct Airway and
$686,821.38 against Mr. Boos together with interest, costs and
any and all other authorized expenses. (Def's Pet., paras. 9 –
12). Following the entry of these confessed judgments on June
24, 2019, "Direct Airway agreed that it would cooperate with AMS
in having its customers pay receivables directly to AMS," and
"to direct its customers to make payments into an account held
by AMS." (Def's Pet., paras. 14 – 15). AMS, in turn, "agreed
that it would coordinate with Direct Airways when communicating
with Direct Airway's clients to ensure that its client
relationships were not damaged." (Def's Pet., para. 16).

Plaintiff's Complaint in Confession of Judgment in this
action was filed on November 6, 2019 and alleges that "[i]n
addition to the defaults in payment and performance under the

3

Note and New Contracts that resulted in the June 2019 payment,
the Borrower is in default of additional New Contracts which are
Obligations guaranteed by the Guaranty Agreement." (Pl's
Compl., para. 14). The instant Confession of Judgment Complaint
goes on to aver that there is a principal balance of $455,887.92
on "New Contracts from June 26, 2019 through July 14, 2019,
Interest at the Legal Rate as of October 2, 2019" of $6,864.61,
and "Collection fees of 10% of the amount due as provided in the
Guaranty Agreement" in the sum of $46,275.25. (Pl's Compl.,
para. 15).

        By the Petition which is presently before us, Defendant
first submits that the judgment should be stricken because AMS
failed to allege a default by the borrower under the new
contracts, the attorney was not properly authorized to confess
judgment, and Plaintiff's failure to attach a copy of the new
contracts to the Complaint constituted a fatal defect.
Alternatively, Defendant argues that the judgment should be
opened to enable him to pursue his meritorious defenses. Not
surprisingly, Plaintiff opposes the grant of the relief sought
by the Petition.

**<u>Legal Principles Governing Striking/Opening Confessed Judgments</u>**

        "Historically, Pennsylvania law has recognized and
permitted entry of confessed judgments pursuant to the authority
of a warrant of attorney contained in a written agreement."

Neducsin v. Caplan, 2015 PA Super 158, 121 A.3d 498, 505 (Pa.
Super. Ct. 2015)(citing Scott Factors v. Hartley, 425 Pa. 290,
228 A.2d 887 (Pa. 1967)).  The procedures for filing, pursuing
and defending against actions for confession of judgment for
money are set forth in Pennsylvania Rules of Civil Procedure
Nos. 2950 - 2961.  Under Pa. R.C.P. Nos. 2951 and 2952, an
action for confession of judgment must be commenced by filing a
complaint which includes not only the names and last known
addresses of the parties but also the original or copy of the
instrument authorizing the entry of such a judgment showing the
defendant's signature as well as:

- an averment that judgment is not being entered by
  confession against a natural person in connection with a
  consumer credit transaction;

-  a statement of any assignment of the instrument;

- either a statement that judgment has not been entered on
  the instrument in any jurisdiction or if it has been
  entered, an identification of the proceedings;

- if the judgment may only be entered after a default or
  the occurrence of a condition precedent, an averment of
  the default or the occurrence of the condition precedent;

- an itemized computation of the amount then due, based on
  matters outside the instrument if necessary, which may
  include interest and attorneys' fees authorized by the
  instrument;

- a demand for judgment as authorized by the warrant;

- if the instrument is more than twenty years old, or if
  the original or a photostatic copy or other like
  reproduction of the instrument showing the defendant's
  signature is not attached to the complaint, an

application for a court order granting leave to enter
judgment after notice;

- signature and verification in accordance with the rules
  relating to a civil action.

Pa. R.C.P. 2952(a)(1) – (10).  Under Pa. R.C.P. 2959(a),
"[r]elief from a judgment by confession shall be sought by
petition," and "all grounds for relief whether to strike off the
judgment or to open it must be asserted in a single petition."
Additionally, "[a] party waives all defenses and objections
which are not included in the petition or answer."  Pa. R.C.P.
2959(c).

"Opening and striking a judgment are different remedies
subject to different standards."  SDO Fund II D32, LLC v.
Donahue, 2020 PA Super 144, 234 A.3d 738, 742 (Pa. Super. Ct.
2020).  "`A petition to strike a judgment is a common law
proceeding which operates as a demurrer to the record.'"
Id,(quoting Resolution Trust Corp. v. Copley Qu-Wayne
Associates, 546 Pa. 98, 683 A.2d 269, 273 (Pa. 1996).  "`A
petition to strike a judgment may be granted only for a fatal
defect or irregularity appearing on the face of the record.'"
Id.  "An order of the court striking a judgment annuls the
original judgment and the parties are left as if no judgment had
been entered."  Cintas Corp. v. Lee's Cleaning Services, Inc.,
549 Pa. 84, 700 A.2d 915, 917 (Pa. 1997)(quoting Resolution
Trust, supra).  "When deciding if there are defects on the face

6

of the record for the purposes of a motion to strike a judgment, a court may only look at what was in the record when the judgment was entered." Id,(citing Linett v. Linett, 434 Pa. 441, 254 A.2d 7 (Pa. 1969). And, "[w]hen a proceeding to confess judgment is instituted by complaint, the complaint and confession of judgment clause must be read together to determine whether there are defects on the face of the record." Dime Bank v. Andrews, 2015 PA Super 114, 115 A.3d 358, 364 (Pa. Super. Ct. 2015).

A petition to open a judgment entered by confession, on the other hand, is an appeal to the equitable powers of the court. SDO Fund, supra. The court may open a confessed judgment "if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission to a jury." Id,(quoting Neducsin, 121 A.3d at 504). "If the truth of the factual averments contained in the complaint in confession of judgment and attached exhibits are disputed, then the remedy is by proceeding to open the judgment, not to strike it." Id, (quoting Id). "The test to open a confessed judgment is conjunctive; petitioner must meet all three prongs to succeed." Dominic's Inc. v. Tony's Famous Tomato Pie Bar & Restaurant, Inc., 2019 PA Super 206, 214 A.3d 259, 268 (Pa. Super. Ct. 2019). In adjudicating a petition to open a confessed judgment, a trial court is charged with

7

"determining whether the petitioner presented sufficient evidence of a meritorious defense to require submission of that issue to a jury," and thus, matters outside of the existing record filed by the party in whose favor the warrant is given such as testimony, depositions, admissions and other evidence, may be considered.  Fleetway Capital Corp. v. SH & T Express, LLC, No. 1853 EDA 2016, 170 A.3d 1213, 2017 Pa. Super. Unpub. LEXIS 1809 at *4, 2017 WL 2116945 (Pa. Super. Ct. May 15, 2017)(quoting, Ferrick v. Bianchini, 2013 PA Super 116, 69 A.3d 642, 647 (Pa. Super. Ct. 2013) and Graystone Bank v. Grove Estates, LP, 2012 PA Super 274, 58 A.3d 1277, 1282 (Pa. Super. Ct. 2012)).

    A.  *Petition to Strike*

Here, Defendant first moves to strike the confessed judgment against him on the grounds that AMS failed to allege a default by the borrower under the new contracts and failed to attach those new contracts to the Complaint.  These failures, Defendant avers, constitute fatal defects.  Plaintiff responds that the request to strike must be denied because the Complaint alleged a default by the Borrower under the Additional New Contracts, she was not required to attach the Additional New Contracts to the Second Complaint, and because the Guaranty authorized multiple exercises of the Warrant.

8

"It is a firmly established rule of construction in the
case of warrants of attorney to confess judgment that the
authority thus given must be clear, explicit and strictly
construed, that if doubt exists it must be resolved against the
party in whose favor the warrant is given, and that all
proceedings thereunder must be within the strict letter of the
warrant." Dime, supra; A.B. & F. Construction Corp. v. Matthews
Coal Co., 194 Pa. Super. 271, 275, 166 A.2d 317, 319 (Pa. Super.
Ct. 1966)(quoting Grady v. Shiffler, 384 Pa. 302, 121 A.2d 71
(1956)).  See also, Dollar Bank, Federal Savings Bank v.
Northwood Cheese Co., Inc., 431 Pa. Super. 541, 637 A.2d 309,
311-312 (Pa. Super. Ct. 1994)(same).  "If the authority to enter
judgment by confession on a warrant of attorney is not strictly
followed, the judgment will be stricken." Id.  Thus:

> …the petition to strike a confessed judgment must focus on
> any defects or irregularities appearing on the face of the
> record, as filed by the party in whose favor the warrant
> was given, which affect the validity of the judgment and
> entitle the petitioner to relief as a matter of law…. The
> record must be sufficient to sustain the judgment.  The
> original record that is subject to review in a motion to
> strike a confessed judgment consists of the complaint in
> confession of judgment and the attached exhibits.

Neducsin, 121 A.3d at 504 (citing ESB Bank v. McDade, 2010 PA
Super 144, 2 A.3d 1236, 1239 (Pa. Super. Ct. 2010) and
Resolution Trust Corp., 546 Pa. at 108, 683 A.2d at 274).

Additionally, Pennsylvania case law "strongly suggests that
a failure to aver the occurrence of a condition precedent when

9

the agreement under which judgment is confessed establishes such
a condition, is an irremediable defect obviating any obligation
of the party against whom judgment has been entered to establish
prejudice.  Dime Bank, 115 A.3d at 365-366.  Notwithstanding
this suggestion, it also "has always been held that formal
defects, mistakes and omissions in confessions of judgment may
be corrected by amendment where the cause of the action is not
changed, where the ends of justice require the allowance of such
amendment, and where the substantive rights of defendant or of
any third persons will not be prejudiced thereby." Popular
Community Bank v. Ryder Cup Taxi LLC, Nos. 3378 EDA 2018, 3380
EDA 2018, 2019 Pa. Super. Unpub. LEXIS 4289 *4, 224 A.3d 774
(Pa. Super. Ct. Nov. 15, 2019)(quoting West Penn Sand & Gravel
Co. v. Shippingport Sand Co., 367 Pa. 218, 80 A.2d 84, 86 (Pa.
1951)).  Stated otherwise, "if any defect disclosed by the
record is one that can be remedied by an amendment of the record
or other action, *nunc pro tunc*, the judgment should not be
stricken off." Blackburn v. King Inv. Group, LLC, 2017 PA Super
89, 162 A.3d 461, 464 (Pa. Super. Ct. 2017)(quoting *inter alia*,
George H. Althof, Inc. v. Spartan Inns of America, Inc., 295 Pa.
Super. 287, 441 A.2d 1236, 1237 (Pa. Super. Ct. 1982)); Atlantic
National Trust. LLC v. Stivala Investments, Inc., 2007 PA Super
96, 922 A.2d 919, 923 (Pa. Super. Ct. 2007).

In the case which is now before us, Plaintiff has attached two documents as exhibits to the confession of judgment complaint: the Unconditional Guaranty and Surety Agreement executed by Defendant and the Note given by Direct Airway, Inc. to Plaintiff Meta Buttenheim, d/b/a Airmarketing Services.  In addition to alleging the execution and delivery of a Note evidencing indebtedness from Direct Airways in the original principal amount of $740,225.65 and an Unconditional Guaranty and Surety Agreement from Defendant for the payment and performance of all of the obligations of Direct Airways to Plaintiff, the confession of judgment Complaint avers that "Borrower is further indebted to Plaintiff under contracts ("New Contracts") for service entered into between Borrower and Plaintiff after the execution of the Note." (Pl's Compl., paras. 6-8).  Copies of these so-called "New Contracts" are not attached.

The Complaint does, however, clearly allege that the judgment entered pursuant to the Warrant is not being entered against natural persons in connection with a consumer credit transaction, the Note, New Contracts and Guaranty Agreement have not been assigned, and that Judgment by Confession against Defendant was previously entered on June 25, 2019 in a prior action in this Court at Civil Action Number 19-2488 for indebtedness due under the Guaranty as of May 10, 2019.  "The

11

judgment in this action is for the indebtedness due under the Guaranty after May 10, 2019." (Pl's Compl., paras. 10-12). Finally, it is alleged that "[i]n addition to the defaults in payment and performance under the Note and the New Contracts that resulted in the June 2019 Judgment, the Borrower is in default of additional New Contracts which are Obligations guaranteed by the Guaranty Agreement." (Pl's Compl., para. 14). These allegations are in keeping with the requirements delineated in Pa. R.C.P. No. 2952(a).

In addition, Paragraph 7 of the November 29, 2018 Unconditional Guaranty and Surety Agreement attached as Exhibit "A" to the Complaint contains the Warrant of Attorney and reads as follows:

**7. CONFESSION OF JUDGMENT.**

**(a)  SURETY HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR ANY CLERK OF ANY COURT OF RECORD UPON OR AT ANY TIME AFTER THE OCCURRENCE OF AN EVENT OF DEAULT UNDER ANY OBLIGATIONS TO APPEAR FOR AND CONFESS JUDGMENT AGAINST SURETY AND IN FAVOR OF LENDER, OR OTHER HOLDER OF THIS AGREEMENT, FOR SUCH OF THE OBLIGATIONS AS ARE DUE AND OWING AND/OR MAY BECOME DUE AND OWING WITH OR WITHOUT DECLARATION, WITH COSTS OF SUIT, WITHOUT STAY OF EXECUTION AND WITH AN AMOUNT EQUAL TO TEN PERCENT (10%) OF THE AMOUNT DUE OR TO BECOME DUE HEREUNDER, BUT NOT LESS THAN FIVE THOUSAND DOLLARS ($5,000.00), ADDED FOR ATTORNEYS' COLLECTION FEES (WHETHER OR NOT SUCH ATTORNEY IS A REGULARLY SALARIED EMPLOYEE OF LENDER, ANY PARENT CORPORATION OR ANY SUBSIDIARY OR AFFILIATE THEREOF, WHETHER NOW EXISTING OR HEREAFTER CREATED). ALTHOUGH SURETY AGREES THAT THE CONFESSION MAY INCLUDE THE AMOUNTS OF THE ATTORNEYS' COMMISSION SPECIFIED IN THE PRECEDING SENTENCE, SURETY RESERVES THE RIGHT ONLY TO CONTEST THE COLLECTION BY LENDER OF ANY UNREASONABLE ATTORNEYS'FEES.**

TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW,
SURETY: (1) WAIVES THE RIGHT OF INQUISITION ON ANY REAL
ESTATE LEVIED ON, VOLUNTARILY CONDEMNS THE SAME,
AUTHORIZES THE PROTHONOTARY OR CLERK TO ENTER UPON THE
WRIT OF EXECUTION SAID VOLUNTARY CONDEMNATION AND AGREES
THAT SAID REAL ESTATE MAY BE SOLD ON A WRIT OF EXECUTION;
(2)  WAIVES AND RELEASES ALL RELIEF FROM ANY AND ALL
APPRAISEMENT, STAY, EXEMPTION OR APPEAL LAWS OF ANY STATE
NOW IN FORCE OR HEREAFTER ENACTED; AND (3) RELEASES ALL
ERRORS IN SUCH PROCEEDINGS. IF A COPY OF THIS NOTE SHALL
HAVE BEEN FILED IN SUCH ACTION, IT SHALL NOT BE NECESSARY
TO FILE THE ORIGINAL OF THIS NOTE AS A WARRANT OF
ATTORNEY. THE AUTHORITY AND POWER TO APPEAR FOR AND ENTER
JUDGMENT AGAINST SURETY SHALL NOT BE EXHAUSTED BY THE
INITIAL EXERCISE THEREOF, AND THE SAME MAY BE EXERCISED
FROM TIME TO TIME, AS OFTEN AS LENDER SHALL DEEM
NECESSARY AND DESIRABLE, AND THIS NOTE SHALL BE A
SUFFICIENT WARRANT THEREFOR.  TO THE FULLEST EXTENT
PERMITTED BY APPLICABLE LAW, LENDER MAY ENTER ONE OR MORE
JUDGMENTS IN THE SAME OR DIFFERENT COUNTIES FOR ALL OR
ANY PART OF THE OBLIGATIONS, WITHOUT REGARD TO WHETHER
JUDGMENT HAS BEEN ENTERED ON MORE THAN ONE OCCASION FOR
THE SAME OBLIGATIONS. IN THE EVENT ANY JUDGMENT ENTERED
AGAINST ANY SURETY HEREUNDER IS STRICKEN OR OPENED UPON
APPLICATION BY OR ON SUCH SURETY'S BEHALF FOR ANY REASON
WHATSOEVER, LENDER IS HEREBY AUTHORIZED AND EMPOWERED TO
THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW TO AGAIN
APPEAR FOR AND CONFESS JUDGMENT AGAINST SUCH SURETY OR
ANY OTHER OBLIGOR ON THE BASIS PROVIDED FOR ABOVE.

(b)  SURETY UNDERSTANDS, ACKNOWLEDGES AND AGREES THAT SURETY
IS VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY GIVING UP
ITS RIGHT TO NOTICE AND HEARING PRIOR TO THE ENTRY OF
JUDGMENT, IS GRANTING LENDER THE RIGHT TO CONFESS
JUDGMENT AGAINST SUCH SURETY, AND IS FREELY WAIVING
CERTAIN OF SURETY'S DUE PROCESS RIGHTS.

This Warrant is very broad and states clearly that it is not

exhausted by only one use and in fact may be exercised "from

time to time, as often as Lender shall deem necessary and

desirable" and "upon or at any time after the occurrence of an

event of default under any obligations… for such of the

13

obligations as are due and owing and/or may become due and owing." As defined in paragraph 1 of the Unconditional Guaranty and Surety,

> …The term "Obligations" means any and all indebtedness, obligations, and liabilities of Borrower to Lender, now existing or hereafter arising, direct or indirect, absolute or contingent, joint or several, secured or unsecured, matured or not matured, monetary or non-monetary, arising out of contract or tort, liquidated or unliquidated, arising by operation of law or otherwise, and all extensions, replacements, advances, and modifications of any of the foregoing, including without limitation all interest, expenses, costs (including collection costs) and fees (including attorney's fees and prepayment fees) incurred, arising or accruing (whether prior or subsequent to the filing of any bankruptcy petition by or against Borrower) under or in connection with any of the foregoing, including without limitation all such indebtedness, obligations, and liabilities arising under and related to the Settlement Agreement and the Note executed even date herewith by Borrower in favor of Lender….

This too is an extremely broad definition which, when read in the context of the Complaint as a whole and in conjunction with the language contained in the rest of the Guaranty and Surety Agreement is, we find, inclusive of the type of new contractual obligations referenced in paragraphs 8, 11, 14 and 15 of the Complaint in confession of judgment.[1]  We therefore

---

[1] Indeed, paragraph 8 alleges:

> Borrower is further indebted to Plaintiff under contracts ("New Contracts" for service entered into between Borrower and Plaintiff after the execution of the Note.

And according to paragraph 12:

> Judgment by confession ("June 2019 Judgment") against Defendant was entered in this Court at docket number 19-cv-2488 by Order dated June 24, 2019 and entered on June 25, 2019, under the terms of the Guaranty

determine that Plaintiff here properly exercised the Warrant given her to confess judgment in the amount of $509,027.78 against Defendant for the additional indebtedness incurred by Direct Airway to Plaintiff after May 10, 2019. Inasmuch as we do not find any defect on the face of this record, we must deny the Defendant's motion to strike the judgment.

    *B. Petition to Open*

    Defendant alternatively argues that this Court must open the judgment which was confessed against him in order to allow him to pursue his meritorious defenses. More particularly, Defendant submits that the judgment should be opened for the same reasons as were raised in the petition to strike – because the evidence shows that he did not guarantee Direct Airways' obligations under the New Contracts, because he disputes the amount of interest due, and because he is entitled to a set-off against the debt arising out of AMS' interference with Direct Airways' business and relationships with its clientele.

    As noted above, a petition or motion to strike a confessed judgment is an appeal to the court's equitable powers committed to the sound discretion of the hearing court which will not be disturbed in the absence of a manifest abuse of that discretion. Lechowicz v. Moser, 2017 PA Super 168, 164 A.3d 1271, 1273 (Pa.

---

Agreement for indebtedness due under the Guaranty Agreement as of May 10, 2019. The judgment in this action is for the indebtedness due under the guaranty after May 10, 2019.

Super. Ct. 2017); PNC Bank v. Kerr, 2002 PA Super 205, 802 A.2d
634, 638 (Pa. Super. Ct. 2002)(citing First Bank & Trust Co. v.
Laurel Mountain Development Corp., 506 Pa. 439, 443, 485 A.2d
1086, 1088 (Pa. 1984).  A petition to open a confessed judgment
must be timely filed, assert a meritorious defense **and** produce
sufficient evidence to require that the case be submitted to a
jury. See, e.g., Dominic's v. Tony's Famous Tomato Pie, 214 A.3d
at 267; Pa. R.C.P. 2959(e).  Thus, the mere pleading of
meritorious defenses is insufficient – petitioner must also
establish that it set forth sufficient evidence in support of
those defenses to give rise to a question that would require
submission of the case to a jury.  PNC Bank v. Bluestream
Technology, Inc., 2010 PA Super 215, 14 A.3d 831, 840 (Pa.
Super. Ct. 2010).  Generally, the court will dispose of the
matter on petition and answer, along with other discovery and
admissions.  Neducsin, supra, 121 A.3d at 506.

    In application of the foregoing, it is apparent that
Petitioner Boos easily satisfies the timeliness requirement in
that he filed the instant petition to strike/open a little more
than one month after service upon him of the Confessed Judgment.
The second and third requirements are more problematic for
Petitioner, however.

    For evidentiary support of his request to open, Mr. Boos
submits that he has provided his testimony in the form of a

verification of the factual allegations in the Petition, has attached copies of the parties' Settlement Agreement, an August 7, 2019 email received from Plaintiff's counsel listing the people/entities to whom letters were sent, and copies of two Orders from this Court granting the Plaintiff's Uncontested Motions to Enter Confessed Judgments in Case Nos. 19-cv-2487 and 19-cv-2488.  Defendant asserts that Sections 4 and 10 of the Settlement Agreement reflect that he did not guaranty Direct Airways' obligations under the New Contracts.  And again, since Plaintiff failed to attach copies of the New Contracts or any other evidence showing that interest had accrued on the balance due under those contracts or how the interest claimed had been calculated, Defendant contends that the judgment should be opened.

We consider first the language of Sections 4 and 10 of the parties' Settlement Agreement.  Under Section 4:

**4. Covenants of Obligors.**  As a further inducement to the AMS to enter into this Agreement, the Obligors do hereby covenant that:

(a)  Direct Airway shall execute and deliver to AMS a Note ("the Note"), reflecting the indebtedness to AMS in the amount of Seven Hundred Forty Thousand Two Hundred Twenty Five Dollars and Sixty Five Cents ($740,225.65) as of November 28, 2018, with interest occurring thereafter at a rate of six percent (6%) per annum.

(b)  Mr. Boos shall execute and deliver to AMS a Personal Guaranty of the full amount of the Note;

17

(c)   Mr. Boos shall execute and deliver to AMS a mortgage in a form and manner that is acceptable to AMS, which AMS may record against the real property owned by Mr. Boos that is located at 300 Saint Andrews Court, New Hope, PA 18938.

(d)   Mr. Boos shall execute and deliver to AMS a mortgage in a form and manner that is acceptable to AMS, which AMS may record against the real property owned by Mr. Boos that is located at 22 East 22nd Street, Long Beach Township, NJ 08008.

Section 10 of the Settlement Agreement, which is entitled

**"Miscellaneous,"** in turn provides as follows in pertinent part:

(a)   This Agreement and all other Loan Documents referred to herein shall be construed as one Agreement, and in the event of inconsistency, the provisions of this Agreement shall control the provisions of any other Loan Document.  This Agreement and the Loan Documents referred to herein are intended by the parties as a final expression and a complete and exclusive statement of the understanding of the parties hereto. No course of prior dealing between the parties, no usage of trade, and no parol or extrinsic evidence of any nature shall be used to supplement or modify any term or to indicate any condition to the effectiveness of this Agreement. This Agreement and all other Loan Documents referred to herein shall supersede any and all prior agreements, understandings, promises, representations and agreements, oral or written, with respect to the subject matter hereof.  None of the parties are relying upon any promises or inducements not expressly set forth herein in entering into this Agreement.

(b)   Modifications, waivers or amendments of or to the provisions of this Agreement shall be effective only if set forth in a written instrument signed by the party against whom same is sought to be enforced.

        …

Subsection 10(b) begs the question of whether the so-called

"New Contracts" constitute a modification or amendment to the

18

terms of the Settlement Agreement such as would require them to be reduced to writing and signed by the party against whom it might be enforced (*to wit,* Defendant Boos and Direct Airway, Inc.) or whether the "New Contracts" are merely obligations within the meaning of paragraph 1 of the Unconditional Guaranty and Surety Agreement given by Mr. Boos.  In light of the direction set forth in Section 10(a) above that the Settlement Agreement and all of the other Loan Documents referred to therein are to be "construed as one Agreement," we believe the latter interpretation to be the correct one.  Consequently, we cannot agree with Defendant's argument that the failure to attach copies of the new contracts or documentation showing what interest had accrued or how it had been calculated warrants opening the judgment nor do we find that Sections 4 and 10 provide the evidentiary support necessary to demonstrate that Defendant's claims would warrant submission to a jury.

Likewise, we cannot find sufficient evidence to support submitting Defendant's potential claim for intentional interference with existing or prospective contractual relations to a jury for a determination of whether Defendant might be entitled to a set-off for the damages sustained against the judgment entered.  To state a claim for tortious interference with contractual or prospective contractual relations, a plaintiff must plead and prove: (1) that "a contractual or

19

prospective contractual relationship existed between plaintiff and a third party; (2) that defendant took purposeful action, intended to harm that relationship; (3) that no privilege or justification applies to the harmful action; and (4) damages resulted from the defendant's conduct." Sandoz, Inc. v. Lannett Co., Civ. A. No. 20-3538, 2020 U.S. Dist. LEXIS 242558 at *3 (E.D. Pa. Dec. 28, 2020)(quoting E. Rockhill Twp. v. Richard E. Pierson Materials Corp., 386 F. Supp. 3d 493, 502 (E.D. Pa. 2019)).

Here, the only evidence produced by Defendant is a copy of an email sent to William Boos on August 7, 2019 from what appears to be counsel for Plaintiff which states simply: "Bill — Here is a list of all of the people/entities sent letters to date:" and listing some 56 individuals and/or entities.  No further information or evidence is provided and we find nothing in this email to suggest that by merely sending letters (the contents of which are unknown) to the parties identified Plaintiff intentionally interfered with Direct Airways' existing or prospective contracts or business relationships.

Moreover, on the face of his Petition to Strike/Open, Defendant avers that Plaintiff was in fact justified in contacting those of Defendant's customers that owed Direct Airways money. To be sure, the petition alleges that in August,

20

2019, Direct Airway agreed to cooperate in having its customers pay receivables directly to AMS to pay the balance due on the judgments and that as part of their agreement, Defendant would reach out to Direct Airways' customers to inform them they should make their payments directly to AMS before AMS served them with a UCC notification.  Defendant further alleges that as part of this agreement, Defendant and Direct Airway would have input and be involved in making arrangements for these direct payments in order to protect its customer relationships. (Def's Pet., paras. 72-75).  Although Defendant further avers that despite this agreement, AMS intentionally sent UCC notifications to Direct Airways' clients with the intention of harming these customer relationships and that such harm did occur causing Defendants to be unable to make payments toward the judgments owed, mere averments are not enough to warrant the opening of a confessed judgment.  Again, without some supporting evidence, we must also deny Defendant's request to open the judgment.

## Conclusion

For all of the reasons set forth above, Defendant's Petition to Strike and/or Open Confession of Judgment is denied in its entirety.  An Order follows.